```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

ARTHUR GRAHAM JUSTICE,

    Movant,

v.                                    CIVIL ACTION NO. 1:04-0447
                                       CRIMINAL NO.     1:01-00234

UNITED STATES OF AMERICA,

    Respondent.

### MEMORANDUM OPINION

      By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Findings and Recommendation on June 9, 2004, in which he recommended that the District Court deny movant's motion pursuant to 18 U.S.C. § 3582.

      In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a _de novo_ review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989).

      On June 21, 2004, Justice filed a motion to extend his deadline for filing objections and, thereafter, on June 21, 2004, he filed objections to the Proposed Findings and Recommendation.[1]

---

[1] His motion to extend the time for filing objections is GRANTED and his objections are deemed to have been timely filed.

He also filed a Notice of Supplemental Authority on March 16, 2005.

On February 6, 2002, defendant (Mr. Justice) pled guilty to Count One of an indictment charging him with conspiring to distribute oxycodone in violation of 21 U.S.C. § 846.  He was sentenced on April 15, 2002, to serve a 105-month term of incarceration to be followed by a three-year term of supervised release.  Defendant was also ordered to pay a mandatory special assessment of $100 and a fine of $2000.  In determining the amount of drugs attributable to defendant for purposes of relevant conduct, the court relied on controlled purchases of Tylox and OxyContin, a search of defendant's residence, and historical information regarding drugs purchased from defendant and his co-defendant, Para Blankenship.

Amendment 657 to the United States Sentencing Guidelines, adopted by the U.S. Sentencing Commission effective November 1, 2003, changed the method of weighing oxycodone for the purpose of determining the offense level in drug cases.  Mr. Justice has asked that Amendment 657, which is retroactive, be applied to reduce his sentence.

At his sentencing hearing, the court determined that the drug amounts attributable to defendant as relevant conduct included: 1,953 OxyContin tablets containing 10 milligrams or more of oxycodone,[2] and 96 Tylox tablets.  The amount of oxycodone

---

[2] The number of OxyContin included: (a) one thousand nine hundred and fifty (1950) 10 milligram pills, (b) one (1) 40 milligram pill, and (c) two (2) 80 milligram pills.

attributed to defendant for the unlawful sale of Tylox was based on the weight of each Tylox tablet.  Amendment 657 changed the Drug Equivalency tables to establish offense levels by using the weight of the actual oxycodone in each pill, instead of the weight of the entire pill.  Accordingly, under Amendment 657, the amount of oxycodone in the 96 Tylox tablets was .48 grams (96 x .005), not 48.48 grams (96 x .505).

As to the OxyContin calculations, the recalculated drug weights for OxyContin alone result in a marijuana equivalency weight of 131.99 kilograms.  According to the Drug Equivalency Table, this amount results in a Base Offense Level of 26.  The same level was assigned to defendant at his original sentencing.

Plaintiff's objections are directed at the probation officer's estimate of the historical amount of drugs to be attributed to defendant.  The probation officer concluded that a conservative estimate of the drugs attributable to Mr. Justice based on historical information was 1950 OxyContin pills.  Justice argues that the court should recalculate his drug weight by using historical purchases of 1950 Tylox, rather than OxyContin, so that he might take greater advantage of Amendment 657.  Because there was evidence that Justice dealt in both Tylox and OxyContin, the probation officer used OxyContin in determining the historical drug amount because it was the estimate most favorable to Justice.  No doubt Justice would have objected had the probation officer used Tylox rather than OxyContin as calculating the amount of historical drugs by using Tylox at the time of sentencing would

3

have resulted in a substantially higher guideline range.  In any event, at sentencing, Justice did not object to the probation officer's use of OxyContin rather than Tylox.  Because there is no legal authority requiring the court to "rewrite" a PSI so that a criminal defendant may take advantage of subsequent changes to the guidelines, this court declines to do so and Justice's objection thereto is OVERRULED.

Furthermore, even were Mr. Justice entitled to have the court reconsider his sentence under the recalculated guideline range of 57-71 months,[3] the court would decline to modify the sentence previously imposed.  Under 18 U.S.C. § 3582(c)(2),

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant was previously given a "break" by this court pursuant to a Rule 35 motion granted by the court resulting in a substantial reduction in defendant's sentence in another case.  Defendant repaid the court's confidence in him by turning to criminal

---

[3] This is the guideline range that would be applicable were the court to convert the 1950 OxyContin discussed above to 1950 Tylox.

activity once again after he was released from imprisonment. As the court noted at defendant's sentencing hearing:

> Mr. Justice, I sentenced you at the top of the guidelines because I've heard your song and dance before. The government went to bat for you after I sentenced you the first time. I gave you a healthy lick the first time, because I thought you deserved it, and the government went to bat for you, made a motion for substantial assistance, and came in here and you told me how reformed you were and how much better you were going to do, and I cut your sentence down to 18 months and let you go home, I believe, and your thanks to me was to go right back to the same kind of conduct you had been engaged in before. You basically made a fool out of the court and not only - - and also yourself. I gave you one substantial break, and your thanks to me was to ignore the responsibility you had to become an upstanding citizen, and to break all the promises you've made to me about how you were reformed and how much better you were going to do, and I just heard all the same line today again in court, and this time it's not going to do you any good. You've deserved the sentence at the top of the guideline range because of your long history of despicable criminal conduct, and if I could give you more time than I gave you today, I would have, because I think you've earned it. You need to be placed - - removed from polite society where you can't hurt other people, and I think you've earned a sentence at the top of the guidelines.

Transcript of April 15, 2002 Sentencing Hearing at p. 29. Based upon the foregoing, even if Amendment 657 applied to Justice, the court would not exercise its discretion under 18 U.S.C. § 3582 to reduce his sentence.

Finally, Justice objects that the sentencing court should not have applied a two-level enhancement under U.S.S.G. § 3B1.1 for his role in the offense. This objection is not directed to

anything in the Proposed Findings and Recommendation and deals with an alleged sentencing error wholly unrelated to Amendment 657. As such, it is not properly presented in a motion pursuant to 18 U.S.C. § 3582 and, therefore, it is **OVERRULED**.

As a final note, in his filings, plaintiff relies on the decisions in <u>United States v. Booker</u>, 543 U.S. 220 (2005), and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). In <u>United States v. Morris</u>, 429 F.3d 65, 69-72 (4th Cir. 2005), the Fourth Circuit held that the holdings in <u>Blakely</u> and <u>Booker</u> were not available for post-conviction relief for federal prisoners whose convictions became final before <u>Blakely</u> and <u>Booker</u> were decided. The <u>Morris</u> holding bars petitioner's claim because petitioner's conviction was final at the time <u>Blakely</u> was handed down in June 2004. Accordingly, plaintiff's reliance on <u>Booker</u> and <u>Blakely</u> is misplaced and his objection is OVERRULED.

The court finds that Justice is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) and **OVERRULES** plaintiff's objections to Magistrate Judge VanDervort's findings and recommendation. The court further **DENIES** Justice's motion pursuant to 18 U.S.C. § 3582 and directs the Clerk to remove this case from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion to counsel of record and plaintiff.

**IT IS SO ORDERED** this 29th day of June, 2006.

ENTER:

*David A. Faber*

6   David A. Faber
    Chief Judge